<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MONA ELMILLIGY,<br><br>　　Defendant. | No. 25cv13434 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Mahmoud Elmilligy filed a complaint alleging that his sister, Defendant Mona Elmilligy, has acted in coordination with "Plaintiff's estranged spouse and/or state agents" and "knowingly spread[] falsehoods about Plaintiff's mental health." D.E. 1 ("Compl." or "Complaint") at 1–2. Plaintiff alleges that this caused psychological harm and parental alienation. *Id.* at 2.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 7 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint *without prejudice* for failure to state claim and allow Plaintiff **45 days** to file a proposed amended complaint.

**I.　LEGAL STANDARD**

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[1] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

II. ANALYSIS

    A.     **The Court Will Grant Plaintiff's IFP Application**

Having reviewed Plaintiff's IFP Application, the Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

    B.     **Plaintiff Fails to State a Claim over Which This Court Has Original Jurisdiction**

Plaintiff brings three claims against Defendant: (1) defamation, (2) intentional infliction of emotional distress, and (3) tortious interference with parental rights. Compl. at 2. These are all state law torts. Plaintiff does not assert—and the Court does not find—that this Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332, considering that both Plaintiff and Defendant reside in New Jersey. *Id.* at 1. Instead, Plaintiff contends that this "Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 as this action involves violations of constitutional rights under color of state or private coordination." *Id.* The Court will accordingly construe Plaintiff's Complaint as attempting to bring claims pursuant to 42 U.S.C. § 1983 under the theory that Defendant—whom Plaintiff has not alleged in a state actor—coordinated with state actors to deprive Plaintiff of his constitutional rights (1) to procedural due process under the Fourteenth Amendment of the United States Constitution by defaming him and (2) to substantive due process under the Fourteenth Amendment for interfering in his interest in the care, custody, and control of his children.[2] Because—for the reasons stated below—the Court concludes that Plaintiff has failed

---

[2] The Court finds that Plaintiff's intentional infliction of emotional distress claim cannot be brought under § 1983, *see Barkauskie v. Indian River Sch. Dist.*, 951 F. Supp. 519, 538–39 (D. Del. 1996), and will therefore not consider it in determining whether Plaintiff has stated a claim over which this Court has federal question jurisdiction.

to state a claim under § 1983 and declines to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court will **DISMISS** Plaintiff's Complaint *without prejudice*.

        1.        *Plaintiff fails to state a § 1983 claim*

Plaintiff's § 1983 claims fail because he has not alleged a violation of a constitutional right caused by a person acting under color of state law. The Court will therefore **DISMISS** Plaintiff's § 1983 claims *without prejudice*.

§ 1983 provides a private right of action against every "person" who, under the color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitutions and laws" of the United States. Therefore, to state a claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

"The first step in evaluating a [S]ection 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citation modified). Plaintiff first claims that he was defamed by Defendant. Compl. at 1–2. "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul v. Davis*, 424 U.S. 693, 701–12 (1976)). "[O]utside the public employment context, this standard generally requires an allegation that the defamation was coupled with an alteration in legal status." *Hester v. Allentown Police Dep't*, No. 13-4249, 2013 WL 4482453, at *3 (E.D. Pa.

4

Aug. 21, 2013) (citation modified). Here, Plaintiff has failed to allege that Defendant's alleged defamatory actions have led to an alteration in any legal status. And even if the parental alienation alleged by Plaintiff could be considered an extinguishment of a right guaranteed by the Constitution, Plaintiff's claim fails for the same reasons as his substantive due process claim discussed *infra*—i.e., because Plaintiff has not alleged that any constitutional deprivation was caused by a state actor. As pled in the Complaint, Plaintiff's defamation claim under § 1983 must therefore fail.

Plaintiff's substantive due process claim under the Fourteenth Amendment for interfering in his interest in the care, custody, and control of his children also fails, as Plaintiff has not adequately alleged that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant, Plaintiff's sister, is not alleged to be a state actor. To attempt to make up for this, the Complaint broadly alleges that "Defendant has acted in coordination with Plaintiff's estranged spouse and/or state agents to collect personal data, monitor Plaintiff's whereabouts and intentions, and relay such information without consent." *Id.* at 1. But Plaintiff does not tie any of the actions vaguely attributed to "stage agents" to the actions he alleges have interfered with his parental rights.[3] *See id.* Because Plaintiff has not set forth allegations from which the Court could plausibly infer that any deprivation of his rights was caused by a person acting under color of state law, Plaintiff has failed to state a claim for interference in his parental rights under § 1983.

---

[3] Plaintiff does not allege the "state agents'" involvement in alleged defamatory conduct, either, for that matter—further dooming his defamation claim as brought under § 1983.

5

        2.    *The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims*

Having found that Plaintiff has failed to state a federal claim, the only claims that remain are Plaintiff's state law tort claims. *See* Compl. at 2. Pursuant to 28 U.S.C § 1367, a district court "may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Here, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g.*, *Grossberger v. Cormack*, No. 24-8182, 2025 WL 1193994, at *3 (D.N.J. Apr. 24, 2025) (similarly declining to exercise supplemental jurisdiction over *pro se* plaintiff's state law claims after dismissing federal claims upon screening under 28 U.S.C. § 1915(e)(2)(B)). Accordingly, the Court will **DISMISS** Plaintiff's state law claims *without prejudice*.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP Application and **DISMISS** the Complaint *without prejudice*. Plaintiff may file a proposed amended complaint within **30 days** of the Order accompanying this Opinion that cures the deficiencies identified herein. An appropriate Order accompanies this Opinion.

Dated: October 30, 2025

                                                                            Evelyn Padin, U.S.D.J.