<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br><br>    Plaintiff,<br><br>    v.<br><br>MONA ELMILLIGY,<br><br>    Defendant. | No. 25cv13434 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Mahmoud Elmilligy filed a complaint alleging that his sister, Defendant Mona Elmilligy, had acted in coordination with "Plaintiff's estranged spouse and/or state agents" and "knowingly spread[] falsehoods about Plaintiff's mental health." D.E. 1 ("Complaint" or "Compl.") at 1–2. Plaintiff also sought to proceed *in forma pauperis* ("IFP"). D.E. 7 ("IFP Application"). On October 30, 2025, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed it for failure to state a claim, and allowed Plaintiff 30 days to file a proposed amended complaint. D.Es. 11 ("Opinion Dismissing Complaint") & 12 ("Order Dismissing Complaint"). The Court did, however, grant Plaintiff's IFP Application. *See id.*

On November 2, 2025, Plaintiff then filed a proposed amended complaint. D.E. 13 ("Amended Complaint" or "Am. Compl."). The Court now screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Amended Complaint *without prejudice* for failure to state a claim and allow Plaintiff **30 days** to file a proposed second amended complaint.

I.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[1]  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Amended Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). When construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## II. ANALYSIS

In his Amended Complaint, Plaintiff brings three claims against Defendant: (1) violation of 42 U.S.C. § 1983 for deprivation "of his substantive due process rights to parent his children and to access his property" (Count I), (2) tortious interference with parental rights under "New Jersey Common Law" (Count II), and (3) defamation and intentional infliction of emotional distress (Count III). Am. Comp. at 2. Though Plaintiff only explicitly brings Count I under § 1983, due to Plaintiff's *pro se* status, the Court will—as it did when reviewing the Complaint—construe Plaintiff's Amended Complaint as attempting to bring Counts II and II (for tortious interference, defamation, and intentional infliction of emotional distress) under both § 1983 and state law. The Court construes these § 1983 claims as being based on the theory that Defendant—whom Plaintiff has not alleged is a state actor—coordinated with state actors to deprive Plaintiff of his constitutional rights (1) to procedural due process under the Fourteenth Amendment of the United States Constitution by defaming him and preventing access to his property and (2) to substantive due process under the Fourteenth Amendment for interfering in his interest in the care, custody, and control of his children.[2]

---

[2] The Court does not disturb its finding in its Opinion Dismissing Complaint that Plaintiff's intentional infliction of emotional distress claim cannot be brought under § 1983 and will therefore not consider it in determining whether Plaintiff has stated a claim over which this Court has federal question jurisdiction. *See* Opinion Dismissing Complaint at 3 n.2 (citing *Barkauskie v. Indian River Sch. Dist.*, 951 F. Supp. 519, 538–39 (D. Del. 1996)).

Consistent with his Complaint, Plaintiff's Amended Complaint does not allege that this Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332. *See* Am. Compl. Instead, Plaintiff contends that this "Court has jurisdiction under 28 U.S.C. § 1331 and § 1343, as the Defendant's actions deprived Plaintiff of rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983, through coordination with public actors in child custody and property deprivation matters." *Id.* at 1. Because—for the reasons stated below—the Court concludes that Plaintiff has failed to state a claim under § 1983 and declines to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court will **DISMISS** Plaintiff's Amended Complaint *without prejudice*.

    A.    **Plaintiff Fails to State a § 1983 Claim**

Plaintiff's § 1983 claims fail because he has not alleged a violation of a constitutional right caused by a person acting under color of state law.

§ 1983 provides a private right of action against every "person" who, under the color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitutions and laws" of the United States. Therefore, to state a claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Although Plaintiff has added a few allegations to his Complaint regarding the involvement of state actors in the alleged deprivation of his rights, the Court nevertheless finds that Plaintiff has failed to state a claim under § 1983 in his Amended Complaint because he has not adequately alleged that any alleged violation of his constitutional rights was committed or caused by a person

4

acting under color of state law. *See West*, 487 U.S. at 48. The only Defendant, Plaintiff's sister, is not alleged to be a state actor. The Amended Complaint does, however, allege that Defendant "acted in concert with state officials," including "persons affiliated with the Mount Olive Police Department and DCPP," by "sharing private and defamatory statements concerning Plaintiff's mental health, parenting ability, and legal status" and "relaying misleading information to law enforcement and preventing retrieval of personal and professional items critical to his livelihood." Am. Compl. at 1–2. While it is true that "citizens who conspire with a state actor are also acting under color of law for the purposes of § 1983," *Rittenhouse Ent., Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 481 (M.D. Pa. 2012), to "properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred," *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 421 (E.D. Pa. 2020) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010)), *aff'd*, No. 22-1960, 2023 WL 4418213 (3d Cir. July 10, 2023). In other words, a "plaintiff must make 'factual allegations of combination, agreement, or understanding among all or between any of the [co-conspirators] to plot, plan, or conspire to carry out the alleged chain of events.'" *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997) (quoting *Hammond v. Creative Fin. Plan. Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992)).

Here, Plaintiff has not asserted any facts from which a conspiratorial agreement can be inferred. Plaintiff's conclusory allegations that Defendant acted "in concert with state officials" and "coordinat[ed] with Plaintiff's estranged spouse and individuals acting under color of law created a joint participation sufficient to attribute state action under § 1983" do not constitute facts from which an actual agreement between any state official and Defendant can be inferred. *See* Am. Comp. at 1–2; *Yoast*, 437 F. Supp. 3d at 421 ("[Plaintiff's] conclusory allegations that the

5

defendants were 'acting in concert' or 'acted in collusion' cannot support his claim."). Plaintiff's Amended Complaint does not include *any* facts suggesting that Defendant and any state actor came to a meeting of the minds to violate Plaintiff's rights. *See Spencer*, 968 F. Supp. at 1020. Instead, beyond his conclusory allegations, he only asserts that Defendant communicated with state officials and "relay[ed] misleading information" to those officials and that he was then deprived of his rights. *See* Am. Compl. at 1–2. But "it is not enough that the end result of the [alleged co-conspirators'] independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism;" a plaintiff must allege that "'the private actor wrongfully influenced the state actor's decision *through a conspiracy*.'" *Spencer*, 968 F. Supp. at 1020 (emphasis added) (quoting *Davis v. Union Nat'l Bank*, 46 F.3d 24, 26 (7th Cir. 1994)) (citation modified). Plaintiff has simply offered no allegations regarding actions taken by any state official that might suggest that those state officials agreed to conspire with Defendant to violate Plaintiff's rights. Accordingly, Plaintiff has failed to sufficiently allege that any deprivation of his rights are attributable to any state actor. *See Diulus v. Churchill Valley Country Club*, 601 F. Supp. 677, 679 (W.D. Pa. 1985) (finding that the plaintiff had failed to plead state action because "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action").

Because Plaintiff has not set forth allegations from which the Court could plausibly infer that any deprivation of his rights was caused by a person acting under color of state law, Plaintiff has failed to state a claim under § 1983. The Court will accordingly **DISMISS** Plaintiff's § 1983 claims *without prejudice*. And because—even liberally construing Plaintiff's claims—the Amended Complaint raises no other federal causes of action, the Court does not have original jurisdiction over this matter.

      **B.    The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims**

Having found that Plaintiff has failed to state a federal claim, the only claims that remain are Plaintiff's state law tort claims (Counts II (tortious interference with parental rights) and III (defamation and intentional infliction of emotional distress)). Pursuant to 28 U.S.C § 1367, a district court "may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Here, as it did in its Opinion Dismissing Complaint, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g.*, *Grossberger v. Cormack*, No. 24-8182, 2025 WL 1193994, at *3 (D.N.J. Apr. 24, 2025) (similarly declining to exercise supplemental jurisdiction over *pro se* plaintiff's state law claims after dismissing federal claims upon screening under 28 U.S.C. § 1915(e)(2)(B)). Accordingly, the Court will **DISMISS** Plaintiff's state law claims *without prejudice*.

### III.   CONCLUSION

For the foregoing reasons, the Court will **DISMISS** the Amended Complaint *without prejudice*. Plaintiff may file a proposed second amended complaint within **30 days** of the Order accompanying this Opinion that cures the deficiencies identified herein. An appropriate Order accompanies this Opinion.

Dated: February 4, 2026

                                                                                                      Evelyn Padin, U.S.D.J.